# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, CELTNIEKS, and HAGLER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant ERIC A. SPITALE**
**United States Army, Appellant**

ARMY 20170128

Headquarters, 21st Theater Sustainment Command
David H. Robertson, Military Judge
Colonel Paula I. Schasberger, Staff Judge Advocate (pretrial)
Lieutenant Colonel Michael P. Baileys, Acting Staff Judge Advocate (post-trial)

For Appellant:  Captain Joshua B. Fix, JA; Captain Heather M. Martin, JA.

For Appellee:  Lieutenant Colonel Eric K. Stafford, JA.

14 February 2018

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of failing to obey a lawful general regulation and making a false official statement, in violation of Articles 92 and 107, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 907 (2012).  Contrary to his pleas, appellant was also found guilty of indecent conduct, in violation of Article 134, UCMJ.  The military judge sentenced appellant to a bad-conduct discharge, confinement for four months, and reduction to the grade of E-3. The convening authority approved the adjudged sentence.

The case is before this court for review under Article 66, UCMJ.  Our review reveals an error in the convening authority's action that deprived appellant of the opportunity for meaningful post-trial relief.[1]  Appellant's clemency submission

---

[1] Appellant personally asserts several matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  As this case will be returned to The Judge Advocate General on separate grounds, we do not address appellant's *Grostefon* matters.

specifically asked the convening authority to disapprove the adjudged bad-conduct discharge. In a memorandum approving the staff judge advocate's recommendation, the convening authority stated, "I have considered specifically the accused's request to disapprove the bad-conduct discharge. [In accordance with] R.C.M. 1107(d)(1) I do not have the authority to approve the requested clemency." This statement was erroneous.

## LAW AND DISCUSSION

Section 1702 of the National Defense Authorization Act for Fiscal Year 2014 amended Article 60, UCMJ, limiting a convening authority's previous clemency powers. *See* Pub. L. No. 113-66, § 1702(b), 127 Stat. 672, 955-58 (2013). Rule for Courts-Martial [hereinafter R.C.M.] 1107(d) was revised to implement these statutory changes. However, the revised versions of R.C.M. 1107 do not apply in cases that include an offense committed before 24 June 2014.[2]

Appellant was convicted of Charges I and III for failing to obey a lawful general regulation and indecent conduct "on divers occasions, between on or about 3 October 2013 and on or about 17 October 2014 . . . ."[3] Thus, the convening authority's clemency powers in this case were not affected by the revisions to R.C.M. 1107. Under the prior versions of Article 60, UCMJ, and R.C.M. 1107, which applied to appellant's case, the convening authority did have the power to disapprove some or all of the findings or sentence, to include the bad-conduct discharge. *See* R.C.M. 1107(c), (d)(1) (2012 ed.).

The staff judge advocate's recommendation did not mention Article 60, UCMJ, or R.C.M. 1107, so appellant had no way of knowing the convening authority misunderstood the reach of his clemency powers. Thus, appellant did not waive or forfeit this error. *See* R.C.M. 1106(f)(6) (2016 ed.). We will not speculate whether the convening authority would have granted relief had he known the full range of options legally available to him in assessing appellant's clemency request.

---

[2] *See* R.C.M. 1107 note (2016 ed.) ("[I]f at least one offense resulting in a finding of guilty . . . occurred prior to 24 June 2014, or includes a date range where the earliest date in the range for that offense is before 24 June 2014, then the prior version of R.C.M. 1107 applies to all offenses in the case . . . .").

[3] Appellant's conviction in Charge II for a false official statement on or about 2 August 2016 is not relevant to our disposition of this case.

2

## CONCLUSION

The convening authority's action, dated 23 May 2017, is set aside. The record of trial will be returned to The Judge Advocate General for a new action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court